**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LONNELL VENTURA HAYWOOD,

      Petitioner,                  CASE NO. 2:06-CV-10927

.                                   HONORABLE MARIANNE O. BATTANI
                                   UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

      Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Lonnell Ventura Haywood, ("Petitioner"), presently confined at the Ryan

Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In his application, filed by attorney S. Allen

Early, petitioner challenges his conviction for first-degree murder, M.C.L.A.

750.316; and possession of a firearm in the commission of a felony, M.C.L.A.

750.227b.  For the reasons stated below, the application for writ of habeas corpus

is **DENIED.**

## I. Background

      Petitioner was convicted of the above charges following a jury trial in the

Wayne County Circuit Court.  Petitioner's counsel has provided a detailed

statement of facts in his petition for writ of habeas corpus. [1]  Respondent has

_____

[1] *See* Brief in Support of Petition for Writ of Habeas Corpus, pp. 2-7 [Court Dkt Entry # 1].

1

adopted these facts in its answer to the petition. [2]  The Court will accept the

factual allegations contained within the habeas petition insofar as they are

consistent with the record, because the respondent has not disputed them. *See*

*Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002)("When a state's

return to a habeas corpus petition fails to dispute the factual allegations contained

within the habeas petition, it essentially admits these allegations").  Because the

facts of this case have been detailed by petitioner's counsel, it is unnecessary to

repeat them here in their entirety.  Therefore, only a brief overview of the facts is

required. *See e.g. Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

The Court will recite verbatim the relevant facts regarding petitioner's conviction

from the Michigan Court of Appeals' opinion affirming his conviction, which are

presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746,

749 (E.D. Mich. 2006):

> Defendant's convictions arose from the shooting death of Robert Hill,
> whom defendant followed into a store, fought with and then shot seven
> times, the last shots as Hill's body lay on the floor.
>
> *People v. Haywood,* No. 214690 (Mich.Ct.App. January 16, 2001).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 465 Mich. 879

(2001).  Petitioner then filed a post-conviction motion for relief from judgment, which

was denied. *People v. Haywood,* No, 97-500792 (Wayne County Circuit Court,

---

[2]  Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus, pp. 5-6 [Court Dkt. Entry # 5].

2

February 14, 2003). The Michigan appellate courts denied petitioner leave to appeal. *People v. Haywood,* No. 253792 (Mich.Ct.App. July 15, 2004); *lv. den.* 472 Mich. 910 (2005).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner's Fifth and Fourteenth Amendment rights to a fair trial were violated where there was insufficient evidence presented to support the jury's finding of guilt beyond a reasonable doubt on the charge of first-degree murder.

II. Petitioner was denied his Sixth Amendment right to the effective assistance of appellate counsel regarding sufficiency of evidence.

III. Petitioner was denied the effective assistance of trial counsel.

IV. Petitioner's Fifth and Fourteenth Amendment due process right to a properly instructed jury were violated when the trial court failed to instruct the jury on involuntary manslaughter.

V. Petitioner was denied his Sixth Amendment right to the effective assistance of trial counsel where his counsel failed to advance a theory of second-degree murder.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III.  Discussion

### A.  Claim # 1.  The sufficiency of evidence claim.

Petitioner first contends that there was insufficient evidence of premeditation and deliberation to convict him of first-degree murder. [3]

---

[3]  Respondent asserts that petitioner's first claim is procedurally defaulted because petitioner failed to raise this claim on direct review of his convictions, and when he raised it on state collateral review, the state appellate courts rejected the claim pursuant to Michigan Court Rule 6.508(D).  The Sixth Circuit has held that a claim is not procedurally defaulted where the Michigan Supreme Court relies upon Rule 6.508(D) without a clear and express invocation of a procedural bar and where the only state court to provide a reasoned opinion adjudicated the petitioner's claim on the merits. *See Abela v. Martin*, 380 F. 3d 915, 921-24 (6th Cir. 2004).  Although the Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's first claim on the basis of Michigan Court Rule 6.508(D), the trial court determined that petitioner's sufficiency of evidence claim had no merit.  The trial court made no mention of Rule 6.508(D)(3) when denying Petitioner's sufficiency of evidence claim.  This Court therefore concludes that petitioner's sufficiency of evidence claim is not procedurally defaulted.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this court must determine whether the state court's application of the *Jackson* standard was reasonable. *Malcum v. Burt,* 276 F. Supp. 2d 664, 686 (E.D. Mich. 2003).  The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).  A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence. *Dell v. Straub,* 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002)(internal citations omitted).  A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. *Id.*  Finally, the Court does not apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. *Walker v. Russell*, 57 F. 3d 472, 475 (6th Cir. 1995).

5

To constitute first-degree murder in Michigan, the state must establish that a defendant's intentional killing of another was deliberated and premeditated. *See Scott v. Elo*, 302 F. 3d 598, 602 (6th Cir. 2002)(*citing People v. Schollaert*, 194 Mich. App. 158; 486 N.W.2d 312, 318 (1992)). The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001)(*citing People v. Anderson*, 209 Mich. App. 527, 537; 531 N. W. 2d 780 (1995)). Premedition may be established through evidence of the following factors:

> 1. the prior relationship of the parties;
> 2. the defendant's actions before the killing;
> 3. the circumstances of the killing itself;
> 4. the defendant's conduct after the homicide.

*Cyars v. Hofbauer,* 383 F. 3d 485, 491 (6th Cir. 2004); *Anderson*, 209 Mich. App. at 527.

Although the minimum time required under Michigan law to premeditate "is incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look.'" *See Williams v. Jones,* 231 F. Supp. 2d 586, 594-95 (E.D. Mich. 2002)((*quoting People v. Vail,* 393 Mich. 460, 469; 227 N.W. 2d 535 (1975)). "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the

6

issue of premeditation." *Alder v. Burt,* 240 F. Supp. 2d 651, 663 (E.D. Mich.

2003).   "[A]n opportunity for a 'second look' may occur in a matter of seconds,

minutes, or hours, depending upon the totality of the circumstances surrounding

the killing." *Johnson,* 159 F. Supp. 2d at 596(*quoting People v. Berthiaume*, 59

Mich. App. 451, 456 (1975)).   Premeditation and deliberation may be inferred

from the type of weapon used and the location of the wounds inflicted. *See*

*People v. Berry*, 198 Mich. App. 123, 128; 497 N. W. 2d 202 (1993).   Use of a

lethal weapon will support an inference of an intent to kill. *Johnson,* 159 F. Supp.

2d at 596 (citing *People v. Turner*, 62 Mich. App. 467, 470; 233 N.W. 2d 617

(1975)).   Finally, premeditation and intent to kill may be inferred from

circumstantial evidence. *See DeLisle v. Rivers,* 161 F. 3d 370, 389 (6th Cir.

1998).

      In the present case, there was sufficient evidence for a rational trier of fact

to conclude that petitioner acted with premeditation and deliberation in killing the

victim.   The manager of the Middlebelt Market testified that the victim came into

the store and asked for a gun, stating that someone with a gun was after him.

Shortly thereafter, petitioner came into the store and fought with the victim,

before shooting him seven times.   The fact that petitioner pursued after the

victim with a gun, tracked him down, and then shot him would support a finding

of premeditation and deliberation so as to support a first-degree murder

conviction. *See e.g. Daniels v. Burke*, 83 F.3d 760, 766 (6th Cir. 1996).   After the

two men struggled, petitioner fired two shots at the victim and then fired an additional five shots at the victim after he fell to the floor.  The fact that petitioner fired two rounds of gunshots at the victim would support an inference of premeditation and deliberation. *See People v. Johnson,* 74 Mich. App. 234, 235-36; 253 N.W. 2d 721 (1977)(evidence including fact that murder victim had two bullet wounds in the front of his skull and one in the back and that a total of eight to ten shots were fired in two series with a definite pause between the two series of shots was sufficient to present a jury question whether defendant had engaged in the premeditation and deliberation required for conviction of first-degree murder).  In addition, the fact that petitioner fired the last five shots at the victim after he lay on the floor supports a finding of premeditation and deliberation, so as to support a verdict of first-degree murder. *People v. Williams,* No. 2006 WL 954167, * 4 (Mich.Ct. App. April 13, 2006).  Finally, the police testified that they found the murder weapon hidden under a mattress. Evidence that petitioner disposed of the murder weapon also supports a finding of premeditation and deliberation. *See Marsack v. Howes*, 300 F. Supp. 2d 483, 492 (E.D. Mich. 2004).

Petitioner claims, however, that any finding of premeditation or deliberation is defeated by the fact that the medical examiner testified that one of the first two shots that was fired by petitioner prior to the victim falling to the ground was sufficient to cause the victim's death.  Petitioner argues that the

8

additional five shots cannot be considered by the trier of fact in determining whether petitioner acted with premeditation or deliberation.  Contrary to petitioner's assertion, the fact that petitioner fired five additional shots at the victim after he may have already been dead would only further support a finding of premeditation and deliberation. *See e.g. McCloy v. Berghuis*, No. 2008 WL 5062895, * 21 (W.D. Mich. November 25, 2008).  In fact, a rational trier of fact could infer that petitioner fired the five additional shots at the victim after he had fallen to the ground because he stilled believed the victim to be alive and wished to prevent his recovery. *See e.g. People v. Unger,* 278 Mich.App. 210, 230; 749 N.W.2d 272 (2008).

In the present case, there was sufficient evidence for a rational trier of fact to determine that petitioner committed the murder with premeditation and deliberation and that he used a firearm to commit the murder.  Even if there was evidence presented which could have supported a verdict of manslaughter or even petitioner's self-defense theory, this Court must view the evidence in a light most favorable to the prosecution and the jury was not required to accept petitioner's version of the facts. *See Williams,* 231 F. Supp. 2d at 595. Moreover, a federal court's review on habeas is very deferential to the state courts regarding sufficiency of evidence claims and this Court cannot say that the insufficiency of evidence claim resulted in a decision that was contrary to, or involved an unreasonable application of *Jackson. Durr v. Mitchell,* 487 F. 3d 423,

9

448 (6th Cir. 2007).  Petitioner is not entitled to habeas relief on his first claim.

**B.  Claims # 2, 3, and 5.  The ineffective assistance of counsel claims.**

The Court will consolidate petitioner's ineffective assistance of counsel claims together for judicial clarity.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.  A petitioner is entitled to habeas relief on his or her ineffective assistance of counsel claim if he or she can satisfy both prongs of the *Strickland* test. *See Hall v. Vasbinder,* 551 F.Supp.2d 652, 672 (E.D. Mich. 2008).  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

In his second claim, petitioner contends that his appellate counsel was ineffective for failing to raise petitioner's sufficiency of evidence claim on his direct appeal.  In light of the fact that there was sufficient evidence of premeditation and deliberation presented at trial, appellate counsel was not

10

ineffective for failing to raise this claim on his appeal of right. *See e.g. Allen v. United States,* 45 Fed. Appx. 402, 406-07 (6th Cir. 2002).

In his third and fifth claims, petitioner alleges the ineffective assistance of trial counsel.

Petitioner initially appears to allege that his defense counsel presented no defense at all in his case. Where defense counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. *Moss v. Hofbauer,* 286 F. 3d 851, 860 (6th Cir. 2002)(*quoting United States v. Cronic,* 466 U.S. 648, 659 (1984)). However, counsel's alleged errors did not rise to the level of the constructive denial of counsel, because counsel actively represented petitioner at his trial. *Id.* at 860-62. Counsel filed a pre-trial motion to quash the information and a motion to remand for a new preliminary examination. Counsel made detailed opening and closing statements to the jury, which presented the defense's theory. Counsel vigorously and extensively cross-examined the prosecution's witnesses. Contrary to petitioner's allegation, counsel did present a defense, in which he attacked the credibility of the witnesses, argued that this was a case of misidentification, and argued in the alternative that the killing occurred during the heat of passion.

11

The *Cronic* presumption "applies only where defense counsel completely or entirely fails to oppose the prosecution throughout the guilt or penalty phase as a whole." *Benge v. Johnson*, 474 F. 3d 236, 247 (6th Cir. 2007)(citing *Bell v. Cone*, 535 U.S. 685, 697 (2002)).  In the present case, counsel's alleged failures do not amount to a complete failure to provide a defense.  The presumption of prejudice therefore does not apply and petitioner would be required to show that he was actually prejudiced by counsel's alleged omissions in order to obtain habeas relief. *Id.*

In his third claim, petitioner first alleges that counsel was ineffective for failing to pursue a voluntary manslaughter defense, rather than argue for misidentification.

Under Michigan law, to establish voluntary manslaughter, the evidence must establish (1) that the defendant killed in the heat of passion; (2) that the passion was caused by an adequate provocation; and (3) that there was not a lapse of time during which a reasonable person could control his passions. *Williams v. Withrow,* 328 F. Supp. 2d 735, 748-49 (E.D. Mich. 2004)(citing *People v. Pouncey*, 437 Mich. 382, 388; 471 N.W.2d 346, 350 (1991)).

In this case, counsel did argue to the jury that the evidence, at worst, supported a verdict for manslaughter.  The jury was also instructed on the lesser included offense of voluntary manslaughter.  Petitioner's claim that counsel

12

failed to argue for a manslaughter verdict is without merit.  Moreover, counsel did not render ineffective assistance of counsel by making a strategic decision to argue both for an outright acquittal based on misidentification and for a conviction on a lesser included offense. *See Cordova v. Johnson*, 993 F. Supp. 473, 535 (W.D. Tex. 1998).  Accordingly, petitioner is not entitled to habeas relief on this portion of his claim.

Petitioner next contends that counsel was ineffective for failing to cross-examine the prosecution's medical examiner about whether any of the first two gunshots could have caused the victim's death, so as to negate any premeditation and deliberation.  However, petitioner acknowledges that the prosecutor elicited testimony from the medical examiner on direct examination that either of the first two gunshots could have caused the victim's death.  A defendant does not suffer prejudice, as required to establish ineffective assistance of counsel claim, when the jury hears on direct examination the evidence defendant feels counsel should have developed in cross-examination. *See Ross v. United States,* 339 F.3d 483, 495 (6th Cir. 2003).

As a related claim, petitioner contends that trial counsel was ineffective for failing to call an independent expert witness to testify about whether one of the first two gunshots caused the victim's death.

As a general rule, whether or not defense counsel should have hired a

medical expert is the type of strategic choice by counsel that may not be second-guessed on habeas corpus review. *See Murden v. Artuz,* 253 F. Supp. 2d 376, 389 (E.D.N.Y. 2001).

In this case, because the medical examiner testified that one of the first two gunshots could have caused the victim's death, counsel's failure to obtain an independent expert to testify to this same point did not prejudice the defense so as to amount to ineffective assistance of counsel. *See e.g. Girtman v. Lockhart,* 942 F. 2d 468, 472-73 (8th Cir. 1991)(where defense attorney produced evidence during cross-examination of the medical examiner that the homicide victim was not in fact "defenseless" as the examiner had testified on direct, defense counsel's failure to produce additional evidence on this point, such as through testimony of independent expert that an alcoholic, such as the homicide victim allegedly was, had an abnormal level of liquor tolerance, was not prejudicial so as to constitute ineffective assistance of counsel for failure adequately to investigate the victim's condition).

Petitioner finally alleges in his third claim that counsel was ineffective for failing to call petitioner to testify at trial in his defense.  However, trial counsel indicated on the record that he advised petitioner that it was in his best interests not to testify.  In response to counsel's comments, petitioner indicated that he did not want to take the witness stand.

14

When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000). A trial court has no duty to inquire *sua sponte* whether a defendant knowingly, voluntarily, or intelligently waives his right to testify. *United States v. Webber*, 208 F. 3d 545, 551-52 (6th Cir. 2000). Waiver of the right to testify may be inferred from a defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *Id.* Here, petitioner did not alert the trial court at the time of trial that he wanted to testify. Thus, his failure to do so constitutes a waiver of this right. *Id.* Because the record is void of any indication by petitioner that he disagreed with counsel's advice that he should not testify, petitioner has not overcome the presumption that he willingly agreed to counsel's advice not to testify or that his counsel rendered ineffective assistance of counsel. *Gonzales,* 233 F. 3d at 357.

Counsel was therefore not ineffective in failing to call petitioner to the stand, in light of the fact that petitioner admitted in open court that he agreed that it would not be in his best interests to testify. *See Leija v. Elo,* 9 Fed. Appx. 500, 501 (6th Cir. 2001). Finally, petitioner has never indicated what his testimony would have been had he been permitted to take the stand. Because petitioner has never indicated what his testimony would be had he taken the stand, he is unable to show that he was prejudiced by counsel's failure to call him to testify. *See Pagani-Gallego v. U.S.,* 76 Fed. Appx. 20, 24 (6th Cir. 2003)*; Dell,* 194 F.

15

Supp. 2d at 653.  Petitioner is not entitled to habeas relief on his third claim.

In his fifth claim, petitioner contends that counsel was ineffective for failing to present and argue a second-degree murder defense to the jury.  Petitioner and respondent both acknowledge that petitioner's fifth claim was never presented to the state courts, either on direct review or on his post-conviction motion.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003).

Although petitioner raised several ineffective assistance of counsel claims both on direct review and post-conviction relief, petitioner never raised the specific claim that counsel was ineffective for failing to raise a second-degree murder defense.  A habeas petitioner is required to present to the state courts

16

"the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990). Because petitioner's ineffective assistance of counsel claim is different than the ineffective assistance of counsel claims presented to the state courts, petitioner's fifth claim has not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003).

Petitioner has therefore failed to properly exhaust his fifth claim with the state courts. Unfortunately, petitioner no longer has any available state court remedies with which to exhaust these claims. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner therefore has no remaining state court remedies with which to exhaust these claims. If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F. 3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and

17

prejudice" requirement. *Id.* at 1196, fn. 3.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-751 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner claims that is was futile to raise this ineffective assistance of counsel claim in his first post-conviction motion, because he believed that the trial court judge would rule against him, based upon the trial court judge's

18

rejection of other claims that were raised in his post-conviction motion based on the judge's mistaken belief that they had already been raised on petitioner's direct appeal.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The "futility to object" exception to the exhaustion requirement is not satisfied by a habeas petitioner's expectation that a state court will rule against him or her. *United States ex. rel. Centanni v. Washington*, 951 F. Supp. 1355, 1365 (N.D. Ill. 1997); *See also Porter v. White,* 2001 WL 902612, * 2 (E.D. Mich. August 6, 2001).  In determining whether the futility exception to the exhaustion requirement applies, the "pertinent question" is not whether the state court would be inclined to rule in the habeas petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *Spreitzer v. Schomig*, 219 F. 3d 639, 647 (7th Cir. 2000)(*quoting White v. Peters*, 990 F. 2d 338, 342 (7th Cir. 1993)).  Thus, petitioner's belief that the trial court judge would reject his claim is insufficient to establish that it was futile to raise

19

this claim in his post-conviction motion.

In the present case, petitioner has offered no reasons for the Court to excuse the default.  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith*, 477 U.S. at 533.  Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his fifth claim as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim (Claim # 1) is insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum,* 276 F. Supp. 2d at 677.  Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review the remaining ineffective assistance of counsel claim on the merits. *See Sanders v. McKee,* 276 F. Supp. 2d 691, 699 (E.D. Mich. 2003).  Petitioner is not entitled to habeas relief on his fifth claim.

### C.  Claim # 4.  The instructional error claim.

Petitioner lastly claims that the trial court erred in failing to instruct the jury on the lesser offense of involuntary manslaughter.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser

20

included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)).  Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.  Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001).  Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F. 2d 792, 797 (6th Cir. 1990); *See also Scott,* 302 F. 3d at 606.

Moreover, petitioner is not entitled to habeas relief on this claim because any error in failing to give the requested instruction on involuntary manslaughter was harmless error, at most, because the trial court instructed the jury on second-degree murder and voluntary manslaughter as lesser included offenses, but the jury nonetheless convicted petitioner of first-degree murder. *See Abdus-Samad v. Bell,* 420 F. 3d 614, 628 (6th Cir. 2005)(jury's decision to convict petitioner of first-degree felony murder even though the jury was also instructed on the lesser-included offense of second-degree murder "strongly suggests" that the trial court's failure to instruct the jury on the lesser offenses of voluntary and

21

involuntary manslaughter was at most harmless error, because the jury was given the option of convicting the petitioner on the lesser-included offense of second-degree murder and declined to do so; because the jury chose first-degree felony murder over second-degree murder, there was no basis to believe that it would have opted for the even lesser offense of voluntary manslaughter over first-degree felony  murder).  Accordingly, petitioner is not entitled to habeas relief on his fourth claim.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT COURT**

DATED: March 27, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon all parties of record.

s/Bernadette M. Thebolt
Case Manager

22