UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNELL VENTURA HAYWOOD,

    Petitioner,                          CASE NO. 2:06-CV-10927
.                                          HONORABLE MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

## OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

On March 27, 2009, this Court issued an opinion and order denying petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See Haywood v. Booker,* No. 2009 WL 817647 (E.D. Mich. March 27, 2009). Petitioner has now filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit, as well as a motion for a certificate of appealability, in which he also requests leave to appeal *in forma pauperis*. For the reasons stated below, petitioner's motion for a certificate of appealability is **DENIED.** The Court will **GRANT** petitioner leave to appeal *in forma pauperis*.

**I. The certificate of appealability.**

**A. Standard of Review**

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a

1

certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find

2

it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338. However, "the issuance of a COA must not be *pro forma* or a matter of course" and a habeas petitioner who seeks the issuance of a COA must show more than the absence of frivolity or the presence of good faith on his or her part in order to obtain a COA. *Id.* at 337-38. Finally, a habeas petitioner's conclusory assertion that jurists of reason would find his or her claims to be debatable is insufficient to warrant the issuance of a COA. *See Babgy v. Saffle,*

3

53 Fed. Appx. 25, 28 (10th Cir. 2002).

**B. The individual claims.**

**1. Claim # 1. The sufficiency of evidence claim.**

Petitioner first contended that there was insufficient evidence of premeditation and deliberation to convict him of first-degree murder.

This Court concluded, for reasons stated in greater detail in its original order, that the Michigan Court of Appeals' determination that a rational trier of fact could have found the elements of the first-degree premeditated murder to be reasonable. In light of the evidence that was presented in this case, this Court's ruling that the Michigan Court of Appeals' determination that there was sufficient evidence to find petitioner guilty of first-degree premeditated murder would not be debatable among reasonable jurists, and petitioner is therefore not entitled to a certificate of appealability on this claim. *See Williams v. Puckett,* 283 F.3d 272, 277-78 (5th Cir. 2002).

**2. Claims # 2, # 3, and # 5. The ineffective assistance of counsel claims.**

In his second and fifth claims, petitioner alleged that he was denied the effective assistance of trial counsel. In his third claim, petitioner contended that his appellate counsel was ineffective for failing to raise his sufficiency of evidence issue on his appeal of right. The Court denied petitioner's second and third claims on the merits. The Court found that petitioner's fifth claim which alleged

4

that counsel was ineffective for failing to present a present and argue a second-degree murder defense was procedurally defaulted because petitioner never presented this particular ineffective assistance of counsel claim to the state courts but no longer had any remaining state court remedies with which to exhaust this claim.

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). For the reasons stated by this Court in its original opinion and order, petitioner has failed to make a substantial showing in his second and third claims that he was denied the effective assistance of trial or appellate counsel. The Court will therefore deny him a certificate of appealability on these claims.

The Court will also deny petitioner a certificate of appealability on his fifth claim, because it is procedurally defaulted. When underlying claims have been procedurally defaulted, the question for purposes of an application for a certificate of appealability is whether the habeas petitioner has made a substantial showing of cause and prejudice to overcome the default. *See Farmer v. Iowa,* 153 F. Supp. 2d 1034, 1043 (N.D. Iowa 2001). As indicated in greater detail in the Court's opinion and order, petitioner failed to make a substantial showing of cause and prejudice to overcome the procedural default. Petitioner is not entitled to a certificate of appealability on his fifth claim, because reasonable jurists could

not have disagreed with this Court's determination that petitioner procedurally defaulted his fifth claim and failed to show good cause to excuse the default. *See Wardlaw v. Howes,* 575 F.Supp.2d 820, 821 (W.D. Mich. 2008).

### C.  Claim # 4.  The jury instruction claim.

Petitioner lastly claimed that the trial court erred in failing to instruct the jury on the lesser offense of involuntary manslaughter.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)).  Because there is no clearly-established federal constitutional right to a lesser included offense instruction in a non-capital case, petitioner is not entitled to a certificate of appealability on his fourth claim. *See Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004).

### II. The request for leave to appeal *in forma pauperis.*

Petitioner has also requested leave to appeal *in forma pauperis.*

A court may grant IFP status if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765  (E.D. Mich. 2002).  Good faith requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* (citing to *Harkins v. Roberts*, 935 F. Supp. 871, 873

(S.D. Miss. 1996). This Court does not find that petitioner's appeal was not undertaken in good faith and will therefore grant him leave to appeal *in forma pauperis*.

## ORDER

IT IS ORDERED that the motion for a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner is **GRANTED** leave to appeal *in forma pauperis*.

                                    s/Marianne O. Battani
                                    **HON. MARIANNE O. BATTANI**
                                    UNITED STATES DISTRICT COURT

DATED: May 1, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record.

                                    s/Bernadette M. Thebolt
                                    Case Manager